## DYER v. STATE.

### Opinion delivered November 6, 1922.

1. EMBEZZLEMENT—INDICTMENT—SURPLUSAGE.—The use of the word "bailee" in connection with the words "clerk, servant, employee, (and) agent" in an indictment, under Crawford & Moses' Dig., § 2500, of an express agent for embezzlement of a check, was unnecessary, and did not operate to charge embezzlement by a bailee, under § 2502, *Id.*

2. EMBEZZLEMENT—EVIDENCE.—In the prosecution of an express agent for embezzling a check, evidence *held* to sustain conviction.

Appeal from Craighead Circuit Court, Lake City District; *R. E. L. Johnson,* Judge; affirmed.

*Fuhr & Futrell,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

SMITH, J. Appellant was convicted at his trial in the circuit court upon the following indictment:

"The grand jury of the Lake City District of Craighead County, in the name and by authority of the State of Arkansas, accuse Henry Penn Dyer of the crime of embezzlement, committed as follows, viz: In the district and county aforesaid on the 29th day of September, 1921, the said Henry Penn Dyer, then and there being above the age of sixteen years, and then and there being the clerk, servant, employee, agent and bailee of th American Railway Express Company, a corporation, and then and there as such clerk, servant, employee and bailee and by virtue of his employment as such, having delivered and intrusted to his possession, care and custody, a check drawn on the Bank of Black Oak, Black Oak, Arkansas, for the sum of forty-two dollars and fifteen cents, of date September 29, 1921, made payable to American Express Company, and drawn by the Merritt Mercantile Company, by T. M. Merritt, and numbered 3871, of the value of $42.15, the property of the said American Railway Express Company, did then and there unlawfully, fraudulently and feloniously embezzle and convert to his own use said check, without the consent of said owner, bailor and employer, against the peace and dignity of the State of Arkansas."

For the reversal of the judgment it is insisted that the court erred in overruling a demurrer to the indictment, and in refusing to direct a verdict for the defendant, and that there is a variance between proof and the allegations of the indictment.

The indictment in this case was based upon section 2500, C. & M. Digest, but appellant insists that the indictment is bad because it also charges the offense de-

fined in section 2502, C. & M. Digest. Appellant was described in the indictment as "being a clerk, servant, employee, agent and bailee," and the insistence that the offense charged is the one defined in section 2502 is grounded upon the fact that appellant was charged with being a *bailee,* a class of persons made liable only by section 2502, C. & M. Digest.

The use of the word *bailee* was unnecessary to charge the offense defined by section 2500, C. & M. Digest; but we think its use does not operate to charge the offenses defined under that section and also section 2502. The indictment charged appellant was a clerk, servant, employee and agent of the American Railway Express Company; and, as such, he was a bailee, and the additional designation of *bailee* added nothing to the charge. *Wright* v. *State, ante,* p. 169.

Appellant was the agent of the American Railway Express Company at Black Oak, Arkansas, a small station on the J., L. C. & E. Railroad, and, as such agent, received a C. O. D. package consigned by the Murray Gin Company, Memphis, Tenn., to the Merritt Mercantile Company, of Black Oak. The charges against the package amounted to $42.15. Appellant delivered the package to the consignee, as was his duty to do, and received a check from the consignee for $42.15, which was made payable to the American Express Company. He indorsed the check as follows: "H. P. Dyer, Agent, J., L. C. & E. R. R. Co.," and cashed it at the Bank of Black Oak, the bank on which it was drawn.

It is insisted that the testimony shows the embezzlement of money, and that there is a variance, inasmuch as the indictment charges the embezzlement of a check. The jury might have so found; but this is not the only inference deducible from the testimony. It appears from the testimony on the part of the State that the American Railway Express Company carried express freight, but the American Express Company did not carry freight, and that it was the business of this last-named company

to transmit money by express money orders, and otherwise, and that it was appellant's duty, as agent of those companies, when he received checks in payment of express sent C. O. D., as he did in the instant case, to cash the checks and immediately remit the money to the express messenger on the train, and immediately thereafter draw a money order on the American Express Company for the sum collected, less the express charges, and send the same to the consignor. The check cashed and alleged to have been embezzled was the property of the American Railway Express Company, as charged in the indictment, although it was payable to the American Express Company, and it was appellant's duty to have collected it for the benefit and account of the American Railway Express Company.

We think the testimony warranted a finding by the jury that the check was embezzled as charged in the indictment. The manner in which it was indorsed is itself sufficient evidence of that fact to support the jury's finding. As has been said, this indorsement was "H. P. Dyer, Agent, J., L. C. & E. R. R. Co.," a fact from which the jury could have found that appellant had converted the check to his own use as the agent of the J., L. C. & E. R. R. Co. at the time it was cashed.

No error appearing, the judgment is affirmed.